UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE CARLOS PEREZ ACANDA,

Plaintiff,

v.

Case No. 2:26-cv-02255-KCD-KRH

SHERIFF DAVID HARDIN, GARRETT RIPA, DAVID VENTURELLA, SECRETARY MARKWAYNE MULLIN, TODD BLANCHE, US IMMIGRATION AND CUSTOMS ENFORCEMENT, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, DEPARTMENT OF HOMELAND SECURITY,

Defendants,
_______________________________/

# ORDER

This Court previously ordered the Government to provide Petitioner Jose Carlos Perez Acanda with a bond hearing under 8 U.S.C. § 1226(a). (Doc. 1 at 3.) That hearing took place on July 8, 2026. (Doc. 1-2.) He now argues that those proceedings were constitutionally inadequate and asks the Court to release him or order a new hearing. (Doc. 1 at 32.) The Government opposes the petition. (Doc. 7.)

Acanda first argues that a bond hearing provided only after he was incarcerated is insufficient process. (Doc. 1 at 12 ("A post-deprivation bond

hearing in this case does not pass constitutional muster").) The Court cannot agree. "[A]t least four circuit courts and several district courts to assess the sufficiency of § 1226(a)'s procedures—namely, a post-deprivation bond hearing—have either found or implied them to generally be constitutionally sufficient." *Zaga Tawil v. Cardinal*, No. 26-CV-22521, 2026 WL 2198539, at *8 (S.D. Fla. July 30, 2026). And even if there was a due process problem, the Court would not order release because a procedural fix is available. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The question, therefore, even where a habeas court has the power to issue the writ, is whether this be a case in which [that power] ought to be exercised."). Acanda is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025).

Next up, Acanda claims that he is entitled to relief under the Cuban Adjustment Act. (Doc. 1 at 17.) That argument also falls short. Acanda fails to explain how "a pending application for adjustment of status—even a highly promising one under a humanitarian statute like the Cuban Adjustment Act—overrides the statutory command" of § 1226. *Borrero Hernandez v. Warden, Fla. Soft Side S.*, No. 2:26-CV-530-KCD-DNF, 2026 WL 1098232, at *7 (M.D. Fla. Apr. 23, 2026);

Turning to the bond hearing itself, Acanda argues that it "did not meet the constitutional requirements of Due Process." (Doc. 1 at 25.) Federal courts are generally not in the business of second-guessing an immigration judge's decision about bond for an illegal alien. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024). The Immigration and Nationality Act dictates that the Attorney General's discretionary judgments regarding bond are not subject to review. 8 U.S.C. § 1226(e). If Acanda were merely asking this Court to reweigh the evidence or substitute its judgment for the immigration judge, his petition would be dead on arrival. But that statutory bar does not give the government a blank check to bypass the Constitution. It does not strip this Court of jurisdiction to consider a bona fide constitutional claim regarding the framework of the detention. *See Hernandez Garcia v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-02065-SPC-NPM, 2026 WL 1953128, at *1 (M.D. Fla. July 7, 2026).

Acanda argues that the bond hearing he received was constitutionally deficient because he was given the burden of proof. (Doc. 1 at 28.) That is a claim this Court can address. *See Hernandez Garcia v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-02065-SPC-NPM, 2026 WL 1953128, at *1 (M.D. Fla. July 7, 2026); *Rubio v. Hardin*, No. 2:26-CV-125-KCD-NPM, 2026 WL 1390984, at *1 (M.D. Fla. May 19, 2026). And the Court agrees that the Government must bear the burden of proof to pass constitutional muster. *See*

*Tejada v. Powell*, No. 7:26-CV-01111-MHH-NAD, 2026 WL 2240991 (N.D. Ala. July 29, 2026). "In sum, detainees' fundamental liberty interest is severely impacted by placing the burden of proof on them, while the government's interests are minimally affected by assigning the burden of proof to the government. Therefore, due process requires placing the burden of proof on the government." *Id.* at *8.

Finally, although not entirely clear, Acanda seems to argue that his detention has become unconstitutionally prolonged under the Fifth Amendment. The Court cannot agree. Acanda's "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026). Acanda "has received a bond hearing, and [he] has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.*

Because Acanda 's bond hearing was constitutionally insufficient on the current record, the habeas petition (Doc. 1) is **GRANTED IN PART**. Within ten days of this order, the Government shall either bring Acanda for a new individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793,

at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on November 3, 2026.

Kyle C. Dudek
United States District Judge